## GUIDRY vs. GRIVOT.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The plaintiff seeks to set aside a conveyance made to the defendant by her deceased husband, of a lot of ground in the town of Baton Rouge, on the allegation, that the alienation was fraudulent, made with the intention to deprive her of the right which she had in her husband's succession, as legatee of all the property owned and possessed by him, and to defraud her of her portion of the acquests and gains made during marriage.

The defendant pleads the general issue, and that a *bona fide* consideration has been paid by him for the property.

On the trial of the cause before the court of the first instance, two bills of exceptions were taken to the opinion of the judge. Our ideas in regard to them will be better understood by first examining what are the rights of the plaintiff in the different characters in which she pre-

A wife claiming as legatee of her husband, cannot shew the simulation of a sale by parol evidence. Otherwise, when she claims in her own right.

Declarations of the vendor, out of the presence of the vendee, may be given in evidence against the latter. But they are no evidence of fraud in the latter.

It is *no good* objection to testimony, that it doesnot make out at once the whole of the case in support of which it is offered.

A suit to set aside a sale is well brought against the party who received the property.

East'nDistrict.
Dec. 1823.

GUIDRY
vs.
GRIVOT.

sents her claim. Some part of the difficulty which attended the investigation in the court below we apprehend now, from not sufficiently attending to this circumstance.

The plaintiff sues as legatee of all the property of her husband; and as partner in the community of acquests and gains. The right which the law has conferred on her in these several capacities, are widely different. In that of legatee, she represents the ancestor—claims under, and through him—and has no other means of avoiding the contract, but those which he possessed. As he therefore could not have given parol evidence, to shew that the sale was simulated, she was properly refused permission to do so. But in virtue of her claim to the one-half of the property acquired during marriage, she advances pretensions in herself, independently of, and adverse to, those of her husband; and consequently stands, with the privileges which the law confers on third persons, to enable them to avoid conveyances by which they are defrauded. They, as it is well known, may give parol testimony, to shew that the instrument which they attack is null and void. Indeed it is of necessity they should do so: for if creditors, and persons not parties

to acts, were held bound to provide themselves

with a counter letter, it would be making the
very fraud of which they complain, the means
of depriving them of all redress against it.

The testimony offered in the court below,
was, however, rejected, on grounds particular
to this case. The plaintiff offered a witness to
prove acts and declarations of the vendor, that
the deed of sale to the defendant was without
consideration. This was objected to, on the
ground that what was done or said by the
seller, out of the presence of the purchaser,
could not be used against the latter; and in
the decision we think the court erred. To set
aside the conveyance, three things were neces-
sary—fraud on the part of the vendor—fraud
on the part of the vendee—and an injury to the
party complaining. The acts and declarations
of the first, are surely as good, and as high evi-
dence as any other that can be given to prove
fraud in him. They are, of course, not suffi-
cient to shew the vendee acted from the same
motive; for then, as it was justly said in ar-
gument, every purchaser would hold at the
mercy of him from whom he bought. But it is
not a good objection to the introduction of evi-
dence, that it does not make out at once the

East'nDistrict.  whole of the case in support of which it is pre-
Dec. 1823.      sented. The effect of the proof, when received,
GUIDRY          seems to have been mistaken here, for the right
vs.             to offer it.
GRIVOT.

The second bill of exceptions was taken to
the charge of the judge to the jury, that the 4th
article of the *Civil Code, p. 346*, governed this
case. We deem it unnecessary to examine
whether that opinion is correct in relation to
the plaintiff's claim as legatee, as we are satis-
fied it was not so in respect to the pretensions
set up by her to avoid the conveyance, on the
ground that the property described in it, made
a part of that which belonged to the communi-
ty, and was acquired during marriage.

An objection was made, that if she sued in
this capacity she had mistaken her remedy;
and that she ought to have brought an action
against herself, who, as legatee, represents the
succession of her husband. We think the ac-
tion well brought against the person who re-
ceived the property. What effect, if any, the
acceptance of the succession of the husband has
on her right, is a question which can only be
examined on the merits. *Curia. Phil. lib. 2.
cap. 13, no. 3.*

It is therefore ordered, adjudged, and de-creed, that the judgment of the district court be annulled, avoided, and reversed ; that this case be remanded for a new trial ; and that the judge be instructed not to reject parol evidence of the declaration of the vendor—and not to charge the jury that the 4th article of title 6, chapter 1, of the *Civil Code, p.* 346, governs this case. It is further ordered that the appellee pay the costs of this appeal.

*Dumoulin* for the plaintiff, *Preston* for the defendant.